In re Steven J. BRENNAN and Cindy L. Brennan, Debtors.

No. 6:09–bk–03763–ABB.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Dec. 2, 2009.

Robert H. Zipperer, Daytona Beach, FL, for Debtor.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Objection to Amended Chapter 13 Plan (Doc. No. 32) filed by Regions Bank, f/k/a AmSouth Bank ("Regions"), pursuant to 11 U.S.C. Section 1325(a)(5)(B)(iii). An evidentiary hearing was held on October 14, 2009 at which the Debtors Steven J. Brennan and Cindy L. Brennan (collectively, "Debtors"), their counsel, counsel for Regions, and the Chapter 13 Trustee Laurie K. Weatherford appeared. Region's Objection is due to be overruled for the reasons set forth herein. The Court makes the following findings and conclusions after reviewing the pleadings and evidence, hearing live argument, and being otherwise fully advised in the premises.

### Regions' Allowed Secured Claim

The Debtors filed this case on March 26, 2009 and seek to retain their 2006 Nissan Altima VIN 1N4AL11D76C242607 ("Vehicle"). They purchased the Vehicle in November 2007, which was within 910 days of the Petition Date. Regions financed the purchase of the Vehicle and holds a perfected purchase money security interest in the Vehicle pursuant to the Retail Installment Sale Contract ("Contract") executed by the Debtors on November 24, 2007 and the Vehicle's Certificate of Title. The Contract requires the Debtors to make monthly payments of $355.08 to Regions for seventy-five months commencing on December 24, 2007. The Debtors were current on their Vehicle payments on the Petition Date.

Regions filed Claim No. 5–1 asserting a secured claim of $18,525.64 plus interest at the rate of 7.25% per annum. The Debtors have not objected to the claim or filed a motion to value the Vehicle. Regions has an allowed secured claim of $18,525.64.

The Debtors filed an Amended Plan (Doc. No. 30) with a sixty-month term in which they propose to: (i) pay their counsel $3,000.00 for attorney's fees through monthly payments of $200.00 for months one through fifteen; and (ii) pay Regions' claim "in full at 5.25% rate of interest" with payments of $200.00 per month for months 1 through 15 and then $393.88 per month for months sixteen through sixty. Amended Plan at ¶¶ A.2., B.3. The Amended Plan resolves Regions' objection (Doc. No. 24) to the Debtors' original Plan by increasing the interest rate to 5.25%.

Regions objects to the Amended Plan asserting it violates 11 U.S.C. Section 1325(a)(5)(B)(iii)(I) because the proposed graduated payments to Regions do not constitute periodic payments "in equal monthly installments." Regions expanded

upon its objection at the hearing asserting its interest in the Vehicle is not adequately protected in months one through fifteen while payments are being made to the Debtors' counsel.

### Analysis

The Debtors are required to make adequate protection payments to the holders of allowed secured claims pre-confirmation and post-confirmation pursuant to Sections 1326(a)(1)(C) and 1325(a)(5) of the Bankruptcy Code. Regions' objection involves the interplay between the adequate protection requirements of these provisions.

Section 1326(a)(1) requires the Debtors to make adequate protection payments to holders of allowed secured claims during the pre-confirmation period:

(a)(1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount—

(A) proposed by the plan to the trustee;

. . .

(C) that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment.

11 U.S.C. §§ 1326(a)(1), (A), (C). The Debtors, in accordance with the Order Establishing Duties of Trustee and Debtor (Doc. No. 8), are required to make their pre-confirmation Section 1326(a)(1)(C) adequate protection payments directly to the Chapter 13 Trustee, who will then distribute the funds. They commenced making plan payments on May 14, 2009 with payments continuing on the fourteenth day of each month thereafter pursuant to the Order Establishing Deadline for Making Payments (Doc. No. 16). The Debtors are current with their pre-confirmation payments.

Section 1325(a)(5)(B), the cramdown provision, requires the Debtors to make adequate protection payments to the holders of allowed secured claims post-confirmation. The Amended Plan, to be confirmable, must provide with respect to each allowed secured claim:

(i)(I) the holder of such claim retain the lien securing such claim . . .

(ii) the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

(iii) if—

(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be *in equal monthly amounts;* and

(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan.

11 U.S.C. §§ 1325(a)(5)(B)(i)(I), (B)(ii), (B)(iii) (*emphasis added*). The cramdown provision of Section 1325(a)(5) is applicable because Regions has not accepted the Amended Plan and the Debtors intend to retain the Vehicle.

Compliance with the adequate protection requirements turns upon valuation, as Congress explained during Section 1325's enactment:

Of course, the secured creditors' lien only secures the value of the collateral and to the extent property is distributed of a present value equal to the allowed amount of the creditor's secured claim the creditor's lien will have been satisfied in full. Thus the lien created under section 1325(a)(5)(B)(i) is effective only to secure payments to the extent of the amount of the allowed secured claim. 124 CONG. REC. H11, 107 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6482. Adequate protection may be provided by periodic cash payments which are calculated based upon the collateral's value. 11 U.S.C. § 361(1).

Scant case law exists addressing the interplay between the pre-and post-confirmation adequate protection requirements of Sections 1326(a)(1)(C) and 1325(a)(5)(B)(iii) and how they relate to the payment of attorney's fees in a graduated plan. The Bankruptcy Courts are split as to what the phrase "in equal monthly payments" means. No controlling decisions have been issued.

■ The majority of the Bankruptcy Courts have held pre-confirmation adequate protection payments may continue post-petition in one amount and be replaced by a higher amount post-petition after attorneys' fees have been paid. *In re Hernandez,* No. 08 B 72148, 2009 WL 1024621, at *7 (Bankr.N.D.Ill. Apr. 14, 2009); *In re Marks,* 394 B.R. 198, 204–205 (Bankr.N.D.Ill.2008); *In re Hill,* No. 06-80502, 2007 WL 499622, at *6 (Bankr. M.D.N.C. Feb. 12, 2007); *In re DeSardi,* 340 B.R. 790, 805–808 (Bankr.S.D.Tex. 2006). These decisions reach the same conclusion through different analyses, but all are based upon the plain and unambiguous language of the Bankruptcy Code. These decisions are persuasive.

Regions' objection to confirmation is axiomatic to the plain and unambiguous language of the Bankruptcy Code. The Bankruptcy Code does not require payments on allowed secured claims begin at month one, or at confirmation, and it expressly requires the accelerated payment of attorney's fees. 11 U.S.C. §§ 1325(a)(5)(B)(iii)(I), 1326(b)(1); *In re Marks,* 394 B.R. at 205. The Debtors are required by Section 1326(b)(1) to pay administrative claims, which include their counsel's and trustee's fees, before or concurrently with other claims. 11 U.S.C. §§ 1326(b)(1), 507(a)(2), 503(b). "Payment of priority payments ... of attorney's fees and trustee's fees will necessarily reduce the creditors' take in the initial stage of the plan as they have to be paid 'before or at the time of each payment to creditors.'" *In re Marks,* 394 B.R. at 205 (*quoting* 11 U.S.C. § 1326(b)).

■ The adequate protection payments required by Section 1326(a)(1)(C) are different from and are generally lower than the adequate protection payments required by 1325(a)(5). The Debtors' adequate protection payments only need to cover the depreciation of the Vehicle so that Regions "will not be left holding the bag for any loss in value of the collateral" if their case should fail. *In re Marks,* 394 B.R. at 204–205. The Debtors' proposed monthly payments of $200.00 for months one through fifteen sufficiently protect Regions from any diminution in value of the Vehicle.

The Debtors' increased payment of $393.88 in month sixteen complies with Sections 1325(a)(5) and 1326(b). No provision of the Bankruptcy Code requires such payment begin on a particular date. The end date of the Amended Plan, its effective date, is the determinative date. Regions must receive, as of the effective date, distributions equal to the allowed amount of

its secured claim. The Amended Plan provides for payment in full of its allowed secured claim plus interest. Its claim will be fully paid from distributions of the Debtors' equal monthly Amended Plan payments. The Debtors are not required to make equal monthly payments to a particular creditor. 11 U.S.C. § 1325(a)(5)(B)(iii); *In re Marks,* 394 B.R. at 205.

### *Conclusion*

The Debtors are in compliance with Sections 1325 and 1326. They are making pre-confirmation adequate protection payments equal to the amount of depreciation of the Vehicle while the administrative claims are being paid. Regions' interest in the Vehicle is adequately protected. The Amended Plan provides Regions will retain its lien and its allowed secured claim will be paid in full, with interest at the agreed rate of 5.25% per annum, by the effective date. The Amended Plan complies with all of the Chapter 13 provisions. Regions' objection is due to be overruled and the Amended Plan is due to be confirmed.

Accordingly, it is

**ORDERED, ADJUDGED AND DECREED** that Regions' Objection (Doc. No. 32) is hereby **OVERRULED;** and it is further

**ORDERED, ADJUDGED AND DECREED** that the Debtor's Amended Plan (Doc. No. 30) is hereby **CONFIRMED;** and it is further

**ORDERED, ADJUDGED AND DECREED** that the Chapter 13 Trustee is directed to submit a detailed confirmation order in conformity with this Order within fourteen (14) days of the entry of this Order.